IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Terrence Oneil Thomas Frazier, | ) | C/A No. 0:14-3068-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Travis Cox; Goergia Richey; Harry V. Irick, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Terrence Oneil Thomas Frazier, a self-represented litigant, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights by the defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 39.) Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Frazier was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 40.) Frazier filed a response in opposition. (ECF No. 43.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

## BACKGROUND

The following facts are either undisputed or taken in the light most favorable to Frazier, to the extent they find support in the record. (<u>See</u> <u>generally</u> Compl., ECF No. 1-5.) Frazier's claims

arise from his arrest on January 12, 2014 by Defendants Richey[1] and Cox for unlawful use of a telephone. As a result of that arrest, Frazier was also charged with resisting arrest, disorderly conduct, and simple possession of marijuana. During the arrest, Defendant Cox pulled Frazier to his feet from a seated position on a couch, handcuffed Frazier, and took Frazier to the ground during a search for weapons. Defendant Irick is named for refusing to help Frazier "resolve the issue" after he bonded out of detention and for failing to take action regarding the behavior of Irick's officers.

## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

---

[1] The correct spelling of this defendant's name is Georgia Richey. (See Richey Aff. at 1, ECF No. 39-2 at 1.)



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Claims Against Defendant Irick**

The defendants' motion for summary judgment asserts that Frazier fails to allege sufficient factual allegations against Defendant Irick to state a claim. The court agrees. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (holding that an official must be personally involved in the alleged deprivation before liability may be imposed). While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-79; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the



pleader is entitled to relief."). Instead, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible").

Frazier fails to forecast evidence to demonstrate that Defendant Irick personally violated any of Frazier's constitutional rights. Instead, Frazier complains that Defendant Irick refused to help Frazier resolve the issue of his arrest or "do anything about the actions of [Irick's] officers." (Compl. at 4, ECF No. 1 at 4.) As argued by the defendants, such allegations are insufficient to show a violation of Frazier's constitutional rights. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (setting "forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to [] the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff") (internal quotations marks and citations omitted). Accordingly, the court finds that no reasonable jury could find that Defendant Irick subjected Frazier to false arrest, excessive force, or any other constitutional injury. Therefore, the court concludes the defendants' motion for summary judgment should be granted as to all federal claims against Defendant Irick.



C.   **Fourth Amendment Claims**

1.   **False Arrest**

To establish a § 1983 claim based on a Fourth Amendment violation for false arrest, a plaintiff must show that the seizure was effected without probable cause. See Massey v. Ojaniit, 759 F.3d 343, 356 (4th Cir. 2014); Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996).  Thus, there is no § 1983 claim for false arrest unless the officer lacked probable cause.  See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974).  Further, an arrest made pursuant to a facially valid warrant will not support a claim for false arrest under the Fourth Amendment.  See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998).

To demonstrate that an officer seized an individual pursuant to an arrest warrant without probable cause, a plaintiff must show that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (internal citations and quotation marks omitted). To demonstrate a "reckless disregard," a plaintiff must show, in light of all of the evidence, that an officer had "serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." Id.  With regard to alleged omissions from an affidavit, a plaintiff must establish that the officer failed to inform the magistrate of facts that the officer knew would negate a finding of probable cause. Id.  However, allegations of negligence or honest mistake are insufficient. Id. at 627-28. Additionally, "the false statements or omissions must be material, that is, necessary to the neutral and disinterested magistrate's finding



of probable cause." Id. at 628 (internal citations and quotation marks omitted). Notably, "[o]btaining an arrest warrant does not provide per se evidence" that the warrant was proper or that the officer was objectively reasonable in believing it so. Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991).

In this case, Frazier does not dispute the defendants' contention that the officers obtained a warrant for unlawful use of a telephone prior to Frazier's arrest on January 12, 2014. However, Frazier claims that the warrant was "fake" and "made up" by the defendants. (Compl. at 3, ECF No. 1 at 3.) Frazier's charges of resisting arrest, disorderly conduct, and simple possession of marijuana stemmed from occurrences during the January 2014 arrest. Frazier alleges that these charges are also "false." (Id. at 4.)

The issue before the court is not whether Frazier committed the offenses—it is whether Richey and Cox reasonably believed that Frazier committed the crimes. See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) ("For probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required."). Accordingly, Frazier's argument that he is innocent of the crimes based on a subsequent dismissal of the charges does not establish that Richey and Cox lacked probable cause. Rather, Frazier must demonstrate that Richey and Cox's belief that a violation occurred was not only incorrect, but was objectively unreasonable. Id. at 367-68.

The record before the court shows that Defendants Richey and Cox had grounds to reasonably believe that Frazier committed the crimes alleged. The affidavit testimony of Richey indicates that she was dispatched to a home in Ware Shoals on November 20, 2013 in reference to a individual receiving threatening text messages from a person identified as Short. (See Richey Aff.

at 1, ECF No. 39-2 at 1.) The victim received a phone call in Richey's presence, which was placed on speaker phone. (Id. at 2.) The caller, whose voice Richey recognized as Cheyenne Dakota Gregory's from a previous case, indicated that her boyfriend, Shawt or Shawt Peazy, would come see the victim and "it wouldn't be good." (Id.) Richey later verified that Gregory's phone number matched the phone number from which the victim received the call. (Id.) Richey further confirmed, via pictures on social media, that Gregory and Frazier were in a relationship. (Id.) Richey also received information from Abbeville County Deputy Cody Rhodes, who once worked in Ware Shoals, that Frazier was known by the nickname Short or Shawt. (Id.) Richey then obtained a warrant for the arrest of Gregory and Frazier for unlawful use of a telephone. (Id.; see also Frazier Arrest Warrant at 1, ECF No. 39-5 at 1.)

Richey and Cox traveled to Gregory's apartment on January 12, 2014 to attempt service of the warrants. (See Richey Aff. at 2, ECF No. 39-2 at 2; see also Cox Aff. at 1, ECF No. 39-6 at 1.) When Richey and Cox entered the apartment, Frazier was sitting on a couch and refused to stand or cooperate with being handcuffed by Cox. (See Richey Aff. at 3, ECF No. 39-2 at 3; see also Cox Aff. at 2, ECF No. 39-6 at 2.) When Cox advised Frazier that he had a warrant for Frazier's arrest, Frazier began yelling. (Id.) Cox pulled Frazier to his feet, handcuffed him in front of his body, and forcefully walked Frazier outside to Richey's patrol vehicle in order to perform a search for weapons. (Id.) Frazier admitted to smoking marijuana prior to the officers' arrival, but denied having any weapons and resisted being searched by Cox for weapons. (Id.) Cox took Frazier to the ground and performed a weapons search, then placed Frazier in the back of Richey's patrol car. (Id.) Gregory was handcuffed, searched, and placed in Richey's patrol vehicle without incident. (Id.) Cox then transported Gregory and Frazier to the Greenwood Detention Center. (Id.) Upon arrival at the



detention Center, Cox noticed what appeared to be marijuana ground into the floor of the patrol car and a strong smell of marijuana inside the vehicle. (Cox Aff. at 3, ECF No. 39-6 at 3.) Both Frazier and Gregory initially denied ownership of the marijuana, but Frazier eventually admitted that the drugs belonged to him. (Id.) Cox served Frazier and Gregory with the warrants for unlawful use of a telephone and additionally charged Frazier with resisting arrest, public disorderly conduct, and simple possession of marijuana. (Id.) The marijuana was collected from the rear passenger side floorboard and photographed. (Id.; see also Photographs at 1, ECF No. 39-8 at 1.)

Frazier's response in opposition to the defendants' motion alleges that incorrect names are listed in the warrants, that Defendant Cox has a conflict of interest due to prior history between the two, and that Frazier needed additional time to "reply in the proper way" to the defendants' motion. (Pl.'s Resp. Opp'n Summ. J. at 1-2, ECF No. 43 at 1-2.) However, despite the court's issuance of an order allowing Frazier additional time to supplement his response (ECF No. 45), he has presented no evidence to refute the defendants' showing. As Frazier fails to forecast evidence to demonstrate that his January 2014 arrest was made without probable cause, the court finds that no reasonable jury could find that Frazier's arrest violated the Fourth Amendment. Accordingly the defendants are entitled to summary judgment as to Frazier's false arrest claim.

    **2.**    **Excessive Use of Force During Arrest**

A claim that a law enforcement officer has used excessive force during an arrest, investigatory stop, or other seizure of a person is properly analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution. Graham v. Connor, 490 U.S. 386, 395 (1989); Yarborough v. Montgomery, 554 F. Supp. 2d 611, 617 (D.S.C. 2008). The Fourth Amendment test is an objective one; however, it is not capable of precise definition or mechanical



application.  Graham, 490 U.S. at 396-97; Yarborough, 554 F. Supp. 2d at 617.  It requires the court to determine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham, 490 U.S. at 397; see also Yarborough, 554 F. Supp. 2d at 617.  The court must balance " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the importance of the governmental interest alleged to justify the intrusion."  Yarborough, 554 F. Supp. 2d at 617 (quoting Graham, 490 U.S. at 396).  The test recognizes that "the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."  Graham, 490 U.S. at 396; see also Yarborough, 554 F. Supp. 2d at 617.

Application of this standard "requires careful attention to the facts and circumstances of each particular case."  Graham, 490 U.S. at 396; see also Jones v. Buchanan, 325 F.3d 520, 527 (4th Cir. 2003).  Some of the facts and circumstances to be considered include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, whether the suspect is actively resisting arrest or attempting to evade arrest by flight, and the extent of the suspect's injury from the force exerted.  See Jones, 325 F.3d at 527 (citing Graham, 490 U.S. at 396 and Rowland v. Perry, 41 F.3d 167, 174 (4th Cir. 1994)).  The court must determine whether the totality of the circumstances justifies a particular sort of seizure.  Jones 325 F.3d at 527-28 (citing Tennessee v. Garner, 471 U.S. 1, 8-9 (1985)); see also Rowland, 41 F.3d at 173 (stating that courts must view the evidence "in full context, with an eye toward the proportionality of the force in light of all the circumstances").  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  Graham, 490 U.S. at 396.



The affidavit testimony of Defendants Richey and Cox indicates that Frazier resisted arrest by becoming belligerent and refusing to cooperate with Defendant Cox's attempts to handcuff and search Frazier. (See Richey Aff. at 3, ECF No. 39-2 at 3; Cox Aff. at 2, ECF No. 39-6 at 2.) Cox further testified that he was familiar with Frazier and had previously arrested him for being in possession of a stolen firearm. (Cox. Aff. at 1, ECF No. 39-6 at 1.) Cox testified that he turned the firearm case "over to the ATF" and heard that his life had been threatened by Frazier. (Id.) Further, at the time of the January 2014 arrest, Frazier admitted to the use of marijuana prior to the officers' arrival. (Id. at 2.) The defendants further provide a Medical Staff Screening Form, signed by Frazier, which indicates that he had no visible signs of injury when screened at the detention center on January 12, 2014. (Screening Form at 1, ECF No. 39-9 at 2.)

Frazier's response in opposition reasserts his allegations of an excessive use of force by Cox to include being choked while handcuffed and being slammed to the ground, resulting in an injury to Frazier's elbow. (Pl.'s Resp. Opp'n Summ. J. at 1, ECF No. 43 at 1.) Frazier further asserts that video and photographs in his possession show a clear use of excessive force by Defendant Cox. (Id.) However, Frazier has failed to present any such evidence to the court. Frazier's response supports Cox's testimony that the two individuals have a "history." (Id.) Thus, based on the record, the court concludes that no reasonable jury could find that the defendants' actions were not objectively reasonable in light of the totality of the circumstances. Jones, 325 F.3d at 527-58. Accordingly, the court finds that the defendants' motion for summary judgment should be granted as to Frazier's excessive force claim.

**D.     State Law Claims**

Frazier also seeks relief for a state law claim of slander.  The tort of defamation, or slander, "allows a plaintiff to recover for injury to his reputation as the result of the defendant's communications to others of a false message about the plaintiff." Fredrich v. Dolgencorp, LLC, C/A No. 3:13-1072-JFA, 2014 WL 4417407, at *5 (D.S.C. Sept. 8, 2014) (citing Swinton Creek Nursery v. Edisto Farm Credit, 514 S.E.2d 126, 133 (S.C. 1999)).  "To prove defamation, a plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." Banks v. St. Matthew Baptist Church, 750 S.E.2d 605, 607 (S.C. 2013) (internal quotation marks and citation omitted). As argued by the defendants, Frazier's slander claim is wholly unsupported in the Complaint and he has presented no evidence to show that the defendants committed the tort of slander.  Accordingly, the defendants' motion for summary judgment should be granted as Frazier's slander claim. See Iqbal, 556 U.S. at 677-79; see also Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) ("The non-moving party 'cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another.' ") (quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)).

**E.     Other Claims**

Frazier alleges harassment by the defendants. (Compl. at 2, ECF No. 1 at 2.)  The court did not construe this single conclusory allegation as a claim of discrimination or disparate treatment brought pursuant to the Fourteenth Amendment. (See Order Authorizing Service at 1; ECF No. 15 at 1.) However, even if liberally construed as such, Frazier fails to state a claim under the Fourteenth



Amendment. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In this case, the evidence shows that Frazier resisted arrest on January 12, 2014, while Gregory cooperated with the officers. Thus, Frazier cannot demonstrate that he was treated differently than a similarly situated individual. Further, Frazier presents no evidence to show that the defendants' actions were the "result of intentional or purposeful discrimination." Morrison, 239 F.3d at 654.

To the extent that Frazier's Complaint may be construed to allege any other causes of action, the court finds that Frazier has failed to plead sufficient facts to state a plausible claim. See Iqbal, 556 U.S. 662.

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion for summary judgment be granted. (ECF No. 39.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 22, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).